**In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.**

### MDL No. 381.

United States District Court,
E.D. New York.

Jan. 20, 1983.

See also D.C., 506 F.Supp. 754, D.C., 91 F.R.D. 616, D.C., 91 F.R.D. 618.

PRETRIAL ORDER NO. 44

GEORGE C. PRATT,* Circuit Judge.

In this multidistrict litigation, Vietnam veterans and members of their families seek to recover for injuries allegedly sustained as a result of exposure to various herbicides, particularly "Agent Orange", which defendants manufactured and supplied to the government for use in the Vietnam war. In an order dated January 18, 1980, the court held that the deposition of a plaintiff who was likely to be unavailable to testify at trial due to incapacity or death could be taken by videotape in order to preserve for future use, if needed, an accurate and true-to-life account of his testimony. *In re "Agent Orange" Product Liability Litigation,* 28 Fed.R.Serv.2d 408 (E.D.N.Y.1980). In that order, the court outlined temporary procedures for the taking of videotaped depositions of other plaintiffs in similar situations, if circumstances warranted.

In June 1981, after 10 additional plaintiffs moved to have their videotaped depositions taken, defendants cross-moved for an order establishing guidelines for the taking of *in extremis* depositions. The court directed counsel to discuss the matter and prepare proposed orders for the court's consideration. On April 29, 1982, the court appointed Sol Schreiber as special master to supervise discovery for the Phase I trial, and counsel for plaintiffs and defendants submitted to him proposed orders for the taking of *in extremis* depositions.

On December 2, 1982, the special master submitted to the court a "Recommended Order Governing Depositions of *In Extremis* Plaintiffs". Defendants objected to certain provisions of the special master's recommendation by a memorandum filed December 20, 1982. The court has considered defendants' memorandum and the exhibits attached thereto, as well as the special master's memorandum in support of his recommendation, in concluding that the special master's order should be adopted, with minor modifications.

The factors militating in favor of the taking of videotaped depositions in situations where a plaintiff faces a high risk of unavailability for trial are discussed in detail in the court's order of January 18, 1980, and need not be repeated here. It is sufficient to note that a videotaped deposition provides the best means for the court and the jury to judge the demeanor of the witness if he is unavailable for trial due to his incapacity or illness. At the same time, defendants need to be able to prepare fully and thoroughly for cross-examination at these depositions, which by definition must occur on short notice due to an *in extremis* plaintiff's medical condition. The special master's order, reproduced with the court's modifications in the appendix, represents a fair balancing of these interests and provides workable procedures to accommodate the needs of both plaintiffs and defendants.

In brief, the order provides that a plaintiff may notice an *in extremis* deposition for 30 days after his counsel has furnished defendants with answers to *in extremis* interrogatories to be agreed upon by the parties, and copies of plaintiff's military or service records, records of medical examinations in the possession of plaintiff, and the affidavit of the plaintiff's treating physician attesting to the seriousness of plaintiff's medical condition. The order also provides that if plaintiff's counsel believes that his or her client will die within 30 days from the time a notice of deposition could be filed, the attorney may seek an order to

* Of the U.S. Court of Appeals for the Second    Circuit, sitting by designation.

show cause to take the deposition on less than 30 days' notice. Counsel for defendants may cross-examine the plaintiff at the time the videotaped deposition is taken, and any defendant may, on 10 days' notice, continue the cross-examination upon receipt of additional information or documents.

*Defendants' Objections.*

Defendants' first objection to the special master's proposed order is that it does not permit defendants to conduct a discovery deposition before taking the permanent videotaped deposition. They argue that they will not be able to conduct an informed and meaningful cross-examination if they are not given the opportunity to examine the plaintiff before the videotaped deposition. Further, they argue that ¶ 9 of the order, which provides that a defendant may continue cross-examination on 10 days' notice after the receipt of additional information, encourages plaintiffs to hold back documents, and prevents further cross-examination unless such documents are produced.

While the court recognizes defendants' desire to be fully prepared to conduct cross-examination of an *in extremis* plaintiff, the special master's proposed order provides adequate protections for defendants. First, the order provides that, in the ordinary situation, before the deposition may be scheduled, counsel for defendants must be given the answers to "*in extremis* interrogatories", plaintiff's military records, medical records, and medical records and reports relating to the current state of plaintiff's health. In addition, ¶ 8 of the proposed order provides that defendants may notice a physical or mental examination of any plaintiff who has noticed an *in extremis* deposition. These provisions give defendants an adequate opportunity to prepare for the videotaped deposition. At the same time, implicit in the order is the recognition that an *in extremis* plaintiff is gravely ill and should be subjected to the least amount of disruption consistent with protection of the defendants' ability to conduct a meaningful cross-examination.

If a plaintiff whose *in extremis* deposition has been taken has additional information to provide to defendants, it is expected that he or she will comply quickly. If a plaintiff denies defendants access to documents or information to which they are entitled, this factor will be taken into account in determining whether plaintiff may use the videotaped deposition at trial. Bad faith by the plaintiff in depriving defendants of reasonable cross-examination would be grounds for excluding such a deposition from evidence. However, in addition, defendants should be able to conduct further cross-examination of an *in extremis* plaintiff after the original videotaped deposition even without receiving additional materials from the plaintiff. The order has been modified to reflect this.

Defendants' second objection to the order is that it does not require plaintiffs to produce medical or military records not in the possession or control of plaintiff. This objection borders on the frivolous.

The order requires *in extremis* plaintiffs to provide defendants with copies of their military or service records as well as all records of past medical examinations, treatments and hospitalization in their possession. In addition, they must provide all medical records and reports pertaining to their current state of health. Presumably, this requirement will result in defendants' receiving at least most of the relevant records, since, in preparation for this litigation, plaintiffs will have gathered together their medical records to determine the validity of their claims, and these records will fall within the material to be turned over to defendants before the videotaped deposition. In this respect, as with all matters arising during discovery, the court expects that all parties will act in good faith to insure the availability of all relevant information prior to trial.

Defendants' third objection pertains to depositions taken on less than 30 days' notice, described by the special master as an "imminent peril of death" deposition. Defendants argue that requests for such depositions should be accompanied by a certification from counsel that the deposition is sought in good faith and is not the result of

counsel's or plaintiff's lack of diligence. Such a requirement is superfluous.

The special master's proposed order requires that counsel for a plaintiff requesting an "imminent peril of death" deposition submit a statement stating why an immediate deposition is necessary, and an affidavit from plaintiff's treating physician describing plaintiff's current medical condition or a representation by counsel for plaintiff that he has spoken to the treating physician and that it is likely that plaintiff will not survive 30 days. Counsel for all plaintiffs are on notice that this is an emergency procedure to be used only in exceptional cases. All plaintiffs and their attorneys are expected to act in such a fashion that requests for "imminent peril of death" depositions will be rare. A failure to act in good faith on this issue will, of course, be weighed by the court in determining whether the deposition will be admissible at trial as a reliable and accurate rendering of plaintiff's testimony.

*Modifications.*

Paragraph 1(a) of the order has been modified to clarify the fact that a standard form of "in extremis interrogatories" must be used.

Paragraph 9 of the order provides for the continuation of cross-examination upon the receipt of additional information or documents. The court has added the provision that cross-examination may continue at a later date if the need arises without the receipt of additional materials. Defendants are, of course, expected to act in good faith in requesting further cross-examination, and any abuse of the privilege may be curbed by an appropriate protective order.

Defendants object to ¶ 9 on the ground that it is ambiguous concerning responsibility for payment for the videotaping of additional cross-examination by defendants. The parties know that those who wish to preserve the deposition on videotape must bear the expense of the videotape, and ¶ 17 has been modified to clarify this. The parties are reminded that ¶ 9 should be read in conjunction with ¶ 17.

Paragraph 18 provides for the filing of the deposition with the clerk of the court. The court has added the requirement that the clerk shall seal the videotaped deposition upon filing.

Paragraph 22 of the order provides that counsel of record for all defendants may participate in the deposition. Defendants have requested that the phrase "such participation will not be deemed an appearance or act as a waiver of any defense" be added. This change has been made.

The court is confident that the taking of *in extremis* depositions will proceed smoothly and with as little inconvenience to all parties as possible. The special master's "Order Governing Depositions of *In Extremis* Plaintiffs", dated December 2, 1982, is approved and adopted as modified and reproduced in the appendix of this order.

SO ORDERED.

### APPENDIX

### SPECIAL MASTER'S RECOMMENDED ORDER GOVERNING DEPOSITIONS OF IN EXTREMIS PLAINTIFFS

This matter having come before the Court on Notice of Cross-Motion of defendants Hercules Incorporated, Monsanto Company, The Dow Chemical Company, Hooker Plastics & Chemicals Corp., Uniroyal, Inc., Diamond Shamrock Corporation, T H Agriculture & Nutrition Company, Inc., Thompson Chemicals Corporation and Hoffman-Taff for an Order pursuant to Fed.R.Civ.P. 30(b)(4) governing the depositions of *in extremis* plaintiffs upon oral examination; and

The Court in Pretrial Order No. 35 having appointed Sol Schreiber, Esq. as Special Master to rule upon all pending and future motions relating to discovery; and

It appearing that some plaintiffs may be physically unable to appear at trial, be it as a result of incapacity or death;

NOW THEREFORE IT IS ORDERED, that the depositions of *in extremis* plaintiffs for the purpose of perpetuating testimony for trial ("in extremis depositions"), wheth-

er by videotape-sound recording ("video-tape") or otherwise, may be taken subject to the terms and conditions set forth herein below:

1. A plaintiff may notice an *in extremis* deposition for 30 days after his counsel has furnished:

a) answers to a standard form of "*In Extremis* Interrogatories" upon all defendants. Such interrogatories are to be agreed to by respective lead counsel. In the event that they are unable to stipulate to the form of the interrogatories, the parties are to submit proposed interrogatories to the Special Master for his approval; and

b) copies of military or service records (including Form DD–214) and records of medical examinations, treatments and hospitalization which are in the possession of plaintiff, counsel for plaintiff or the physician furnishing the affidavit required pursuant to Paragraph 2 hereof, together with all medical records and reports pertaining to the current state of plaintiff's health. These copies are to be served upon the firm of Townley & Updike for distribution to all other defendants' counsel.

2. Notices of depositions to be taken pursuant to Paragraph 1 shall have annexed thereto the affidavit of the plaintiff's treating physician stating such facts as constitute affiant's reasonable medical opinion that there is a high risk that the prospective deponent is likely to be physically unable to appear at trial as a result of incapacity or death. Each Notice of Deposition with affidavit annexed shall be filed with the Court and copies served upon counsel of record for all defendants not less than 30 days prior to the date set for such deposition.

3. In the event that plaintiff's counsel believes from all the evidence available, that his or her client will die within 30 days from the time a notice of deposition could be filed pursuant to Paragraph 1 hereof, plaintiff's counsel shall move before the Special Master by an order to show cause to take the deposition of an *in extremis* plaintiff on less than 30 days' notice.

4. All show cause orders made pursuant to Paragraph 3 shall have annexed thereto:

a) a statement by plaintiff's attorney stating why an immediate deposition is necessary and why plaintiff's medical and other background could not have been supplied at an earlier date; and

b) either (i) an affidavit of plaintiff's treating physician stating such facts as constitute affiant's reasonable medical opinion that the plaintiff is in imminent peril of death or incapacity and will not survive 30 days; or (ii) a representation by plaintiff's attorney that he has spoken to plaintiff's treating physician and it is the physician's reasonable medical opinion that plaintiff is in imminent peril of death or incapacity and will not survive 30 days and that such representation can be confirmed by a telephone call to the physician from defendants or the Special Master.

5. No order permitting the taking of an *in extremis* deposition on less than 30 days' notice shall be granted unless plaintiff's attorney has provided or will provide defendants, prior to the deposition, with medical records of plaintiff's most recent hospital confinement.

6. A deposition ordered by the Special Master pursuant to Paragraph 3 shall not be scheduled for less than 24 hours after the order permitting the taking of the deposition has been issued.

7. For any deposition taken pursuant to Paragraph 3 hereof ("imminent peril of death" deposition) plaintiff's counsel shall continue to proceed diligently before and after the deposition to expeditiously furnish all information and documents required by Paragraph 1 to defendants' counsel.

8. Defendants may, without further order of the Special Master, notice a physical or mental examination of any plaintiff who has noticed a deposition pursuant to this Order. Such notice shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

9. Any defendant may, on 10 days' notice, continue the cross-examination of any plaintiff whose deposition has been taken pursuant to this Order subsequent to the receipt of additional information or documents. Further discovery or cross-examination may also be continued on similar notice without the receipt of additional information or documents if it is deemed necessary by defendants. Any abuse of this procedure may result in the entry of a protective order. Such deposition may be taken by videotape at the option of either party.

10. A conventional stenographic transcript of each *in extremis* deposition shall be made by a certified shorthand court reporter.

11. The technicians making any videotape of a deposition shall take an oath before a judge, a clerk of the court, or a notary public, to record all the proceedings accurately, completely and in confidence, and shall certify the correctness and completeness of the recording.

12. Any deposition by videotape shall, insofar as possible, take place in a neutral setting. No deposition shall be taken in a hospital or sick room unless the physician providing the affidavit pursuant to Paragraphs 2 or 4 states in such affidavit that the plaintiff cannot be moved to a neutral setting by virtue of his physical incapacity.

13. Matters of staging and photographic technique, such as the use of a zoom lens, the angle of the camera, and the background, shall be determined by the party conducting the deposition. Other parties may make suggestions regarding such matters to the party conducting the deposition. If these suggestions are not heeded, parties may place their objections on the record. Such objections will be considered by the Court in ruling on the admissibility of the videotape (as opposed to the stenographic transcript) at trial.

14. The videotape shall run continuously throughout the deposition from beginning to end, unless otherwise agreed to by counsel participating in the deposition. The videotape shall not otherwise be discontinued during colloquy among counsel; later editing upon agreement between counsel for plaintiffs and defendants or on direction of the court can remove any portions that are not proper for the fact finder to see and/or hear.

15. The party conducting the videotaped deposition shall cause to be prepared a log index, which shall include the subject matter being explored, cross-referenced to the digital reading on the digital counter of the videotape equipment, a list of exhibits, and the names of all persons and parties present at the videotaped deposition.

16. Only the parties, their counsel and persons necessary to conduct the deposition or to assist the parties and counsel shall be permitted to attend the videotaped deposition.

17. The party requesting that the deposition be videotaped shall bear the expense of the videotape, the preparation of the log index, and the taking and transcribing of the stenographic transcript. In the event of unnecessarily prolonged cross-examination, the court may, on request, require defendants to pay a fair share of the deposition costs. Within 30 days of each daily session, plaintiff shall supply one copy of the stenographic transcript, at plaintiff's expense, to Townley & Updike, who shall receive the copy for all defendants.

18. The original of the videotape and the log shall be filed with the Clerk of the Court within 60 days of the date of the deposition. The original of the videotape shall not be shown by any person or to any person (except as necessary to prepare the index) prior to its delivery to the Clerk of the Court. The clerk shall seal the videotaped deposition when it is filed.

19. No copy of the videotape is to be made, except by application to the Court on notice to counsel of record for all parties.

20. Any videotape of a deposition taken pursuant to Paragraphs 1 or 3 or this Order may be used only if the plaintiff is physically unable to appear at trial, be it as a result of incapacity or death.

21. All objections, except as to the form of questions, are preserved until the time of trial.

22. Any deposition taken pursuant to this Order shall be taken on notice to counsel of record for all defendants that are a party to any of the cases included in MDL No. 381. Counsel of record for all such defendants may participate in the deposition. Such participation will not be deemed an appearance or act as a waiver of any defense.

23. A copy of this Order shall be served by defendants upon all counsel of record for all parties within 10 days of entry of this Order.

24. A copy of this Order and a set of "*In Extremis* Interrogatories" shall be served by defendants upon all new counsel of record for plaintiffs not later than 15 days after the filing of a Conditional Transfer Order by the Judicial Panel on Multidistrict Litigation.

PRETRIAL ORDER NO. 45

All videotaped depositions that have been filed or will be filed with the clerk in this action shall be sealed, subject to further order of the court. *See* Pretrial Orders Nos. 8 and 44.

SO ORDERED.